**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MICHAEL DEMARCO, et al.,

                        Plaintiffs,

        - against -

MGM TRANSPORT, INC., et al.,

                        Defendants.
----------------------------------------------------------X

**ORDER**

CV 06-0307 (FB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiffs Michael DeMarco and Joanne DeMarco (collectively "the DeMarcos") filed this personal injury action against defendants MGM Transport, Inc. and Reginald Williams (collectively "MGM") in the Supreme Court of the State of New York, County of Kings, on December 12, 2005. *See* Complaint. On January 25, 2006 MGM filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that MGM has not satisfied its burden of establishing that this court has original jurisdiction, and in particular has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed.

      A.    <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Proctor & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

      B.      <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

The DeMarcos' complaint does not specify the amount of damages they seek, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the complaint generally describes the injuries the DeMarcos claim to have sustained and alleges only that the resulting damages exceed the relevant jurisdictional limit of the lower courts. *See* Complaint ¶¶ 12, 16-17. That jurisdictional requirement is no more than $25,000. *See* N. Y. Const., art. VI.

The plaintiffs' most specific description of their injuries asserts that Mr. DeMarco "sustained serious and severe permanent personal injuries, and suffered and will continue to suffer pain; necessarily received and will continue to receive medical treatment for which expenses were and will continue to be incurred; and was incapacitated and unable to attend to his occupation and usual duties." Complaint ¶ 16. Although I can infer from the latter description

that the plaintiffs will seek significant monetary damages if they establish liability, I cannot conclude that such damages will necessarily exceed $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See Setlock v. Renwick,* 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-106 (2d Cir. 2001)).

The Notice provides no additional detail about the specific damages sought and does not even mention that the $75,000 jurisdictional threshold has been met. Such a boilerplate pleading cannot satisfy the removing party's burden to establish the amount in controversy. *See United Food & Commercial Workers Union*, 30 F.3d at 304-305. As there is no other evidence in the record, MGM has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

MGM is not without recourse. The same state law provision that prohibited the DeMarcos from including an allegation in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which MGM can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *See Whitaker*, 2004 WL 1574663, *2.

Nor is MGM prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection

provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see Whitaker*, 2004 WL 1574663, *2. Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See Schultz v. Office Depot, Inc.,* 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, *3 (S.D.N.Y. July 6, 2005).

    C.    <u>The Propriety Of Summary Remand</u>

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring MGM to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, MGM will need to find out the extent of the damages that the DeMarcos claim to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If it learns that the DeMarcos seek damages in excess of $75,000, MGM may return the case to this court and the DeMarcos will have to bear the burdens associated with that removal. On the other hand, if it turns out to be the case that the DeMarcos do not claim more than $75,000 in damages, then the case will properly remain in state court –

and this court will not be burdened with overseeing discovery of a dispute that was never properly before it.

Finally, assuming that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

D.  <u>Conclusion</u>

For the reasons set forth above, I order that this case be remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Dated: Central Islip, New York
February 24, 2006

<u>/s/ James Orenstein</u>
JAMES ORENSTEIN
U.S. Magistrate Judge
